UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

AARON D. LAWRENCE,

        Plaintiff,

  v.                                          Case No. 08-CV-108

GEORGE M. GRBICH, JR., and
JOHN L. CASTOR,

        Defendants.

_____

# ORDER

On January 29, 2008, *pro se* plaintiff Aaron D. Lawrence, a prisoner at the Milwaukee County Criminal Justice Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. In connection with his complaint, Lawrence filed a request for leave to proceed in forma pauperis.

Under the Prison Litigation Reform Act (PLRA), which amended the in forma pauperis statute, a prisoner must pay the applicable filing fees in full for a civil action. *See* 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $350.00 filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *See* 28 U.S.C. § 1915(a)(2). The court then will assess and, when funds exist, collect from the prisoner at the time the action or appeal is filed an initial partial filing fee. The initial partial filing fee is 20 percent of either the average monthly

deposits to or average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint or appeal, whichever is greater. *See* 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of 20 percent of the preceding month's income ("income" consists of all deposits from whatever source, including gifts and bequests, *see Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998)) until the filing fee is paid in full, *see* 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *See* 28 U.S.C. § 1915(b)(2). The prisoner is obligated to pay the entire $350.00 filing fee whether or not this action is later dismissed by the court or otherwise resolved.

The plaintiff apparently has been incarcerated for approximately two months. Accordingly, he filed a certified copy of his prison trust account statement for the two-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that for the two-month period immediately preceding the filing of his complaint, the average monthly deposit to Lawrence's prison account was $0 and the average monthly balance of the account was $-6.67. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Lawrence's initial partial filing fee is $0 and incremental payments of the remaining $350.00 filing fee will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on Lawrence's ability to bring other actions in forma pauperis. Accordingly, the plaintiff will be afforded an opportunity to dismiss this action voluntarily in order to avoid the possibility of incurring a "strike" under section 1915(g).

Lawrence shall have 20 days from the date of this order to withdraw his complaint in order to avoid the possibility of incurring a strike under § 1915(g) and the obligation to pay the entire $350.00 filing fee. After 20 days from the date of this order have passed, the court will determine whether the action can continue to proceed in forma pauperis. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet these standards, the action will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Whether or not the complaint is dismissed at this stage, the plaintiff must pay the entire $350.00 filing fee.

If Lawrence does not wish to pay the filing fee as set forth in this order or does not wish to proceed with this action in order to avoid the possibility of incurring a strike under § 1915(g), he must notify the court by letter to the clerk within 20 days of the date of this order stating that he does not wish to prosecute this civil action.

If the plaintiff elects to write a letter withdrawing his lawsuit, this case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that in the event that Lawrence does not wish to pay the $350.00 filing fee in increments as set forth in this order or does not wish to proceed with this action in order to avoid the possibility of incurring a strike under § 1915(g), Lawrence shall have 20 days from the date of this order to notify the court by letter to the clerk stating that he does not wish to prosecute this civil action. A copy of this order will be sent to the warden of the Milwaukee County Criminal Justice Facility and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge