**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

AARON D. LAWRENCE,

        Plaintiff,

v.                                                 Case No. 08-C-109

MILWAUKEE COUNTY PUBLIC
DEFENDERS OFFICE,

        Defendant.

---

## ORDER

The plaintiff, who is confined at the Milwaukee County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits

to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

-2-

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, the plaintiff challenges the conduct of government officials in his state criminal cases. He lists the three following cases: 1) "Original Case: 06CF4197"; 2) "Amended Case: 07CM0339"; and 3) "Relevant Case:

07CM5293." (Compl. at 6.)[2] The plaintiff asserts that government officials' conduct in these cases "violates the fundamental fairness and is shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment and exemplifying flagrant disregard for Sixth Amendment complaint also refers to numerous violations of the Constitution of the United States." *Id.* He names the Milwaukee County Public Defenders Office as a defendant. In addition, on March 4, 2008, the plaintiff filed a motion to amend which seeks to add as a defendant "Milwaukee County Judicial Court" but does not include any new allegations.

The complaint describes in detail the procedures of the plaintiff's court cases and sets forth numerous alleged violations made by the courts, the judges, the public defender, and the assistant district attorney. For example, the plaintiff alleges that Judge Kevin E. Martens: 1) continued court proceedings without the plaintiff present in violation of Wis. Stat. 971.07; 2) granted the state's motion to adjourn jury trial of October 2, 2007, due to state witness unable to appear in violation of Wis. Stat. 971.10; 3) conspired with the state to violate defendant's right to due process; and 4) is possibly related to one of the plaintiff's arresting officers. (Compl. at 12.) The plaintiff alleges that Judge John F. Foley: 1) denied bail in violation of Wis. Stat. 971.10(4); and 2) denied a change of venue because the case was a misdemeanor. *Id.* at 13. The plaintiff also alleges that the public defender's office was negligent in not appointing him a public defender after he was found eligible for one on August

---

[2] The complaint consists of a civil rights form complaint and several handwritten pages attached to the form complaint. There are page numbers on some of the pages of the complaint but they are inconsistent. For the sake of clarity, the court refers to the first page of the complaint as page 1 and continues sequentially from there.

5, 2007. Then, he goes on to describe how two attorneys, who apparently are public defenders, made decisions without consulting with him. The plaintiff alleges that the assistant district attorney engaged in prosecutorial vindictiveness because, after Case Number 06CF4197 was dismissed on the defendant's motion, the assistant district attorney filed excessive charges and forced the plaintiff to trial a second time, in Case Number 07CM0339, for the same alleged criminal activity.

The plaintiff claims that he has suffered "harassment, defamation of character, false imprisonment, false arrest, unlawful search and seizure of his property and gross mental anguish[.]" (Compl. at 17.) He seeks compensatory and punitive damages.

As an initial matter, the court notes that it is unclear what the plaintiff's constitutional claims are. Although the complaint allegations include a general reference to a due process violation, the plaintiff does not provide any indication of what that violation is. Such a general allegation does not provide sufficient detail to illuminate the nature of the claim to allow the defendant to respond. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

In any event, the public defenders office is immune from suit. Public defenders do not act under color of state law in their role as counsel to the defendant and thus are not subject to Section 1983 for their traditional representative duties. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Moreover, the Milwaukee County Circuit Court (an arm of the state, see Wis. Stat. 753 (2005-06)) is not a "person" that can be sued under 42 U.S.C. § 1983. *See*

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Kelly v. Mun. Cts. of Marion County, Ind.*, 97 F.3d 902, 907-08 (7th Cir. 1996); *Kaimowitz v. Bd. of Trs. of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991). Thus, allowing the plaintiff to amend the complaint would be futile. *See* Fed. R. Civ. P. 15(a); *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Finally, although the plaintiff does not name any individual judges as defendants, it is a fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 [7th Cir. 1988], *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 [1989]).

### ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #6) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge